**UNITED STATES DISTRICT COURT**　　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| LILLIAN HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:23-CV-420 |
| | § | |
| AMERIGAS PROPANE, L.P. and | § | |
| VAQUERO SILSBEE PARTNERS, L.P., | § | |
| *doing business as* AMERIGAS PROPANE, | § | |
| L.P., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant AmeriGas Propane, L.P.'s ("AmeriGas") Motion for Summary Judgment (#13) and Plaintiff Lillian Harris's ("Harris") First Motion for Leave to File Expert Designations Outside of Deadline (#14). Harris filed a Response to AmeriGas's Motion for Summary Judgment (#16), and AmeriGas filed a Reply (#17). AmeriGas also filed a Response to Harris's Motion for Leave (#18). Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Harris's motion for leave should be denied, while AmeriGas's motion for summary judgment should be granted.

I.　　Background

This lawsuit arises out of an encounter between a motorized shopping cart and an AmeriGas delivery truck. On November 26, 2021, Harris was shopping at Wal-Mart in Bridge City, Texas. Harris, who suffered from various health issues, used a motorized shopping cart to navigate the store. As Harris was leaving the store, she drove her motorized cart to the sidewalk

ramp where she intended to enter the parking lot.  Near the ramp, an AmeriGas truck sat idling as it waited for pedestrians to pass.  After the pedestrians cleared the front of the vehicle, the AmeriGas truck pulled away.  As the truck was leaving, the back of the vehicle crossed over the ramp and hooked Harris's motorized cart.  Harris asserts that the truck shook the cart violently before the cart disengaged from the truck.  Seemingly unaware of what transpired, the AmeriGas truck continued to drive away.  Harris's sister, who was accompanying her at the time of the incident, attempted to wave the truck down.  Her efforts were unsuccessful.

On October 30, 2023, Harris filed her Original Petition (#2) in the 163rd Judicial District of Orange County, Texas.  In her Petition, Harris asserts that AmeriGas's negligence caused her to sustain injuries to her neck, shoulder, and arm.  On November 21, 2023, AmeriGas filed a Notice of Removal (#1), removing the case to this court on the basis of diversity jurisdiction.  After an initial case management conference, the court entered a Scheduling Order (#9) on February 4, 2024.  On July 19, 2024, Harris's deadline to designate experts passed under the February scheduling order.

On August 20, 2024, AmeriGas filed the present motion, asking the court to grant summary judgment on the grounds that the complex relationship between Harris's pre-existing and post-incident injuries necessitates the presentation of expert testimony to establish causation. Harris's pre-existing health complications included nerve damage in addition to chronic neck and back pain.  In her Petition, Harris seeks damages for injuries to her neck, arm, and shoulder. AmeriGas maintains that Harris cannot establish causation absent expert testimony demonstrating which injuries were pre-existing and which were attributable to the incident.

In response, Harris filed her First Motion For Leave to File Expert Designations Outside of Deadline on September 4, 2024.  Harris's motion asks the court to grant her leave to file her designations on the grounds that she attempted to file her expert designations in a timely manner. Harris asserts that a mislabeling of documents caused her to file her Expert and Witness List (#12) instead.  Harris now seeks leave from the court so that she may file the correct document.

II.    Analysis

A.    Harris's Motion for Leave to File Expert Designations Outside of Deadline

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1).  The court considers the following factors when determining whether a party's neglect was "excusable":

(1)    the danger of prejudice to the opposing party;

(2)    the length of the delay;

(3)    the potential impact of the delay on judicial proceedings;

(4)    the reason for delay, including whether it was within the reasonable control of the movant; and

(5)    whether the movant acted in good faith.

*U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, ___ F.4th ___, No. 23-50662, 2024 WL 5181964, at *3 (5th Cir. Dec. 20, 2024); *In re MI Windows & Doors, Inc.*, 860 F.3d 218, 226 (4th Cir. 2017); *accord In re Neurology & Neurophysiology Assocs., P.A.*, 628 F. App'x 248, 251 (5th Cir. 2015); *PHI Health, LLC v. WFAS, Inc.*, No. 7:20-CV-00196, 2021 WL 4146345, at *1 (S.D. Tex. Sept. 13, 2021).  "Even if good cause and excusable neglect are

3

shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)). Additionally, excusable neglect is an equitable concept that must account for all relevant circumstances of the party's failure to comply with the requisite deadline. *Mandawala v. Struga Mgmt.*, No. 21-50644, 2023 WL 2712500, at *3 (5th Cir. Mar. 30, 2023).

Here, Harris provides a tenuous and misleading explanation as to why she failed to comply with the court's scheduling order. Harris's motion states that "[p]laintiff mistakenly and inadvertently filed her Expert and Witness List rather than her Expert Designations." In reality, Harris filed a document titled Exhibit and Witness List on July 15, 2024, which identifies eight sets of medical records and two witnesses, Lillian Harris and AmeriGas Propane. Notably, the witnesses listed do not include an expert, an omission which suggests that Harris did not have an expert witness to designate at that time. Nevertheless, Harris contends that she intended to file a document containing her expert designations, but a labeling error resulted in the wrong document being filed. Notably, Harris does not cite, nor does she even mention the excusable neglect standard. Moreover, Harris does not attempt to apply the factors listed above, but rather, she merely asserts that "[p]laintiff does not believe that any prejudice will result to any party from this mistake and brief delay."

AmeriGas, however, details in its Response why the excusable neglect factors support the denial of Harris's motion. On the issue of prejudice, AmeriGas notes that permitting Harris's late designation would render the time and expense associated with drafting its motion for summary judgment meaningless. AmeriGas also asserts that permitting a late designation would result in

additional and unexpected expenses related to deposing the designated expert in addition to potentially hiring and designating a rebuttal expert.  Moreover, AmeriGas maintains that it will be prejudiced by a late designation because it designated its experts, at least in part, by relying on Harris's non-designation.  AmeriGas highlights that the resulting prejudice will be exacerbated by the fact that Harris's proposed designation does not provide the information required under Federal Rule of Civil Procedure 26.  Thus, prejudice would result because the designation does not give sufficient notice of the facts and opinions about which the expert is expected to testify.

Regarding the second and third factors, AmeriGas asserts that the length and impact of Harris's delay supports denying her motion for leave.  Harris filed her motion for leave on September 4, 2024, approximately 47 days after Harris's expert deadline lapsed and 14 days after Harris allegedly learned of the filing error.  As a result, there was a significant delay between the expiration of Harris's deadline and her present motion.  Moreover, the lengthy delay between Harris purportedly learning of the error and filing the correct document lends credence to the proposition that the document containing Harris's expert designations did not exist when the alleged misfiling occurred.  Additionally, Harris's motion was filed approximately one month before the close of discovery and two months before the expiration of the motions deadline. Presently, the discovery and the motions deadlines have both lapsed.  Consequently, granting the motion for leave at this juncture would substantially impact the judicial proceedings, as it would require the court to reopen discovery, reset the motions deadline, and extend all other deadlines accordingly.  Therefore, the second and third factors indicate the absence of excusable neglect.

AmeriGas maintains that the fourth and fifth factors also demonstrate the absence of excusable neglect. Specifically, AmeriGas contends that the reason for the delay was within Harris's reasonable control and that she failed to act in good faith. While the court is hesitant to conclude that Harris acted in bad faith, it tends to agree that the reason for the delay was within Harris's reasonable control. Assuming that Harris provided a candid reason for the delay, the issue could have been avoided had Harris exercised even a modicum of diligence. Harris filed the incorrect document on July 15, 2024, four days before the expiration of her expert designation deadline. If Harris had bothered to look at the document once after filing it, then she would have discovered the issue with sufficient time to file the correct document before the deadline.[1] Additionally, the misfiling could have been prevented altogether through a thorough check of the document and its title before filing. Therefore, the delay resulted from a demonstrated carelessness that was well within Harris's reasonable control.

At a minimum, four factors demonstrate the lack of excusable neglect. AmeriGas established that there exists a danger of prejudice. Additionally, the resulting delay extended 47 days after the deadline passed. Moreover, permitting leave at this stage in the proceedings would require the court to reopen discovery and extend all subsequent deadlines. Finally, the reason for delay stems from an inattention to detail that was undoubtedly within Harris's reasonable control. Consequently, Harris's motion for leave is without merit because she has failed to establish excusable neglect.

---

[1] The court notes that expert designations are not required to be filed with the court. Rather, the deadline imposes a time limit on when the designations must be provided to the opposing party. Nevertheless, the standard pursuant to Federal Rule of Civil Procedure 6 applies to any deadline imposed by the court, whether filing or otherwise. FED. R. CIV. P. 6. Additionally, because Harris chose to file the document, the court adopts the filing language for clarity.

In addition to failing to meet the excusable neglect standard, Harris's proposed expert designations are woefully inadequate.  Federal Rule of Civil Procedure 26(a)(2)(C) provides that the disclosure of a non-retained expert must provide "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).  A mere statement of the topics on which the expert will testify is insufficient.  *HDR Eng'g, Inc. v. Pro. Serv. Indus., Inc.*, 1:22-CV-00079, 2024 WL 1741815, at *2 (S.D. Tex. Apr. 4, 2024) (citing *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015)); *Matyn v. State Farm Lloyds*, No. 4:23-CV-00174, 2024 WL 1236465, at *3 (E.D. Tex. Feb. 4, 2024).  Rather, the designation must state the expert's view or judgment regarding a matter that affects the outcome of the case.  *McCord v. United States*, No. 4:22-cv-00251, 2024 WL 2922978, at *5 (E.D. Tex. June 10, 2024); *HDR Eng'g, Inc.*, 2024 WL 1741815, at *2.

Here, Harris's designation fails to provide any facts or opinions to which the designated expert will testify.  In her disclosure, Harris provides:

a.  Magnolia Medical Clinic, Dr. Jeffery White, the expert's address, and telephone number are as follows 5755 College Street, Beaumont, Texas 77707; (409) 206-2397.

Dr. White is a Chiropractor and treating physician of Plaintiff who will testify regarding Plaintiff Lillian Harris' medical records, medical care, causation, injuries, and prognosis.

Harris's designation does little more than provide the identity of the expert who will testify.  By listing a range of broad-sweeping topics, Harris's designation does not place any meaningful boundaries on the subject matter to which Dr. Jeffery White ("Dr. White") will testify.  Moreover, the designation does not provide any substantive notice to AmeriGas regarding the

opinions to which he will testify.  The designation also fails to summarize *any* facts on which Dr. White's opinions will be based, and it does not elucidate Dr. White's views of "Harris's medical records, medical care, causation, injuries, and prognosis."  Accordingly, Harris's designation is inadequate under Federal Rule of Civil Procedure 26(a)(2)(C).

        B.      <u>AmeriGas's Motion for Summary Judgment</u>

        1.      <u>Summary Judgment Standard</u>

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party.  *See Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir.), *cert. denied*, 143 S. Ct. 579 (2023); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 380 (5th Cir. 2019); *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010).  Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Union Pac. R.R. Co.*, 41 F.4th at 703; *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020); *Parrish*, 917 F.3d at 378.  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th

639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021); *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019).

"A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021); *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *accord Valencia v. Davis*, 836 F. App'x 292, 296 (5th Cir. 2020); *see Dyer*, 964 F.3d at 379. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Gerhart v. Barnes*, 724 F. App'x 316, 321 (5th Cir. 2018) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)); *accord Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, at *6 n.7 (5th Cir. Apr. 20, 2023); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). Thus, "[a] genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368 (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)); *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021); *Dyer*, 964 F.3d at 379; *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The moving party, however, "need not negate the elements of the nonmovant's case." *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

9

1994)); *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014); *see Savoy v. Kroger Co.*, 848 F. App'x 158, 160 (5th Cir. 2021).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 410 (5th Cir. 2020). The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, L.L.C.*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Lyons v. Katy Ind. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson*, 477 U.S. at 255); *Seigler*, 30 F.4th at 476; *Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302.

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Lyons*,

964 F.3d at 302; *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019). "[W]here the non-moving party fails to establish 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' no genuine issue of material fact can exist." *Goode v. Greenstream Int'l, L.L.C.*, 751 F. App'x 518, 521 (5th Cir. 2018) (quoting *Nichols v. Enterasys Networks, Inc.*, 595 F.3d 185, 188 (5th Cir. 2007)); *see Phillips v. Sanofi U.S. Servs. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 994 F.3d 704, 710 (5th Cir. 2021). In such a situation, "'[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (quoting *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008)); *accord Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023); *Stingley v. Watson Quality Ford*, 836 F. App'x 286, 288 (5th Cir. 2020).

## 2.    Negligence Under Texas Law

Under Texas law, a negligence claim consists of three essential elements:

(1)    a legal duty owed by one person to another;

(2)    a breach of that duty; and

(3)    damages that were proximately caused by the breach.

*Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *Walgreens v. McKenzie*, 676 S.W.3d 170, 179 (Tex. App.—Houston [14th Dist.] 2023, pet. pending) (citing *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *Goad v. KHBM Partners III, Ltd.*, No. 09-20-00020-CV, 2021 WL 4597083, at *5 (Tex. App.—Beaumont Oct. 7, 2021, no pet.); *accord*

*Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 219 (5th Cir. 2020).  AmeriGas rests its entire motion for summary judgment on the element of causation.  AmeriGas asserts that, absent expert testimony, Harris cannot raise a genuine dispute of material fact regarding whether AmeriGas's alleged negligence caused Harris's injuries.

In Texas, proof of negligence requires a showing of proximate cause.  *Perez v. U.S. Xpress, Inc.*, No. 23-50146, 2023 WL 6393899, at *2 (5th Cir. Oct. 2, 2023) (quoting *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)); *Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018).  Proximate cause consists of two elements—cause in fact and foreseeability.  *Perez,* 2023 WL 6393899, at *2; *Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 17716383, at *2 n.2 (5th Cir. Dec. 14, 2022) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005)); *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). Cause-in-fact requires proof that the act was a substantial factor in bringing about the harm at issue, and  absent the act the harm would not have occurred.  *Petersen v. Johnson*, 57 F.4th 225, 236 (5th Cir. 2023); *Perez*, 2023 WL 6393899, at *2; *United Specialty Ins. Co. v. Truong*, No. 22-30027, 2022 WL 3097367, at *3 (5th Cir. Aug. 3, 2022).  "[C]ause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible."  *Perez*, 2023 WL 6393899, at *2; *Mason v. AMed-Health, Inc.*, 582 S.W.3d 773, 789-90 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (quoting *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799)).

Foreseeability, however, "requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission."  *Wilson v. Korth Direct Mortg., Inc.*, No. 3:23-CV-2158-D, 2023 WL 8569084, at *3 (N.D. Tex. Dec. 11, 2023) (quoting *Castillo*

12

*v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)); *Hulsey v. Attalla*, No. 01-18-00180-CV, 2019 WL 3484082, at *5 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, no pet.) (citing *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)); *see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 333 (5th Cir. 2017); *Elephant Ins. Co., LLC*, 644 S.W.3d at 149 (quoting *Bos*, 556 S.W.3d at 303). It also requires that the injured party is "so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *City of McAllen v. Diaz*, No. 13-23-00060-CV, 2024 WL 973122, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 7, 2024, no pet.) (quoting *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 929 (Tex. 2015)); *City of Austin v. Anam*, 623 S.W.3d 15, 18 (Tex. App.—Austin 2020, no pet.) (quoting *Ryder Integrated Logistics, Inc.*, 453 S.W.3d at 929). Foreseeability does not permit recollecting events and theorizing an extraordinary scenario where defendant's actions caused the injury. *Bos*, 556 S.W.3d at 303; *Massage Heights Franchising, LLC v. Hagman*, 679 S.W.3d 298, 307 (Tex. App.—Houston [14th Dist.] 2023, pet. filed) (citing *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998)).

At the time of the alleged incident, Harris had multiple significant pre-existing injuries. On June 8, 2021, approximately five months before the AmeriGas incident, a medical record was created that details Harris's medical history. The record reflects that, prior to the alleged incident, Harris had an anterior cervical fusion and a lumbar fusion. Harris also underwent an MRI due to complaints of persisting neck pain. The medical record also states that Harris complained of numbness and tingling in her left hand. Additionally, the record notes that Harris suffered from chronic lower back pain. Consequently, Harris's medical record demonstrates that she experienced significant pain in her neck, back, and hand before the alleged incident.

In Texas, expert testimony is required when an issue involves matters beyond a layperson's common understanding. *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 751 (5th Cir. 2018). When an element of the non-movant's cause of action requires expert testimony, the absence of such testimony is grounds for summary judgment. *Id.* at 753. The issue of whether expert testimony is required is a question of law. *Id.* at 751.

In the present case, Harris's pre-existing injuries significantly overlap with the injuries allegedly caused by the AmeriGas incident. Specifically, Harris's Petition asserts that the incident caused "severe neck, shoulder, and left arm pain, with swelling, restricted range of motion, and soreness to the body in general." In her Response, Harris elaborates that her injuries also include the aggravation of pre-existing injuries to her neck and back. In a case involving pre-existing injuries, a defendant is liable only for the additional increment, if any, caused by its negligence. *Polk v. United States*, No. A-20-CV-911-RP, 2022 WL 5568093, at *2 (W.D. Tex. July 14, 2022). In such circumstances, courts have consistently held that expert testimony is required to distinguish "whether alleged injuries are the aggravation of pre-existing injuries or just the non-recoverable pre-existing conditions themselves." *Id.*; *accord High v. United States*, No. 1:18-CV-979-RP, 2022 WL 20829799, at *8 (W.D. Tex. Aug. 15, 2022); *Vessels v. Prospect Airport Servs. Inc.*, No. SA-19-CV-01330-JKP, 2021 WL 4712696, at *3 (W.D. Tex. Oct. 6, 2021). Thus, Harris cannot establish the requisite causal nexus between AmeriGas's purported negligence and her alleged injuries without expert testimony.

Furthermore, Harris's contention that causation may be established in the absence of expert testimony in this instance lacks merit. Harris maintains that her injuries are "fairly simple" and include damage to her left shoulder, left arm, and the aggravation of pre-existing neck and back

injuries.  Harris does not, however, cite any case law contravening the sources cited in AmeriGas's initial motion that establish the requirement of expert testimony.  Moreover, Harris's statement that the injuries are "fairly simple" is conclusory in nature, disregards complex medical factors, and fails to explain how the issue of whether and to what extent Harris's pre-existing injuries were exacerbated is within the common understanding of a member of the jury.

Finally, Harris asserts that the claimed injuries to her left arm and left shoulder were not pre-existing.  Rather, Harris seemingly maintains that the injuries to her arm and shoulder were newly caused by the alleged incident.  As a result, Harris contends that AmeriGas failed to produce any evidence that Harris's injury to her arm and shoulder were pre-existing.  Harris's position, however, confuses the burden of proof.  AmeriGas does not bear the burden of showing that the injury to Harris's shoulder and arm were pre-existing.  *Hearn v. Kroger Tex., L.P.*, No. 3:21-CV-1648-D, 2022 WL 2533408, at *5 (N.D. Tex. July 7, 2022) (noting that the plaintiff, not the defendant, bore the burden of proving that his injuries were not caused by a pre-existing injury or condition).  Rather, Harris bears the burden of proving that the alleged injuries were caused by AmeriGas's purported negligence rather than her pre-existing condition.  *Id.*; *Greene v. W&W Energy Servs., Inc.*, No. 4:19-CV-4343, 2021 5155670, at *2 (S.D. Tex. May 10, 2021).

Harris admits that she had chronic neck and back pain prior to the incident.  Moreover, a medical record that was created well before the alleged incident demonstrates that Harris previously complained of numbness and tingling in her left extremities.  A person's neck, back, shoulder, and arms involve intricately connected systems.  Consequently, there exists significant overlap between Harris's pre-existing injuries and her allegedly new injuries to her shoulder and arm.  Due to such overlap, expert testimony is required to demonstrate that Harris's shoulder and

arm injury were caused by AmeriGas's negligence, as opposed to the natural progression of her pre-existing injuries. *See Parker v. RAD Trucking, LTD.*, 687 S.W.3d 735, 740 (Tex. App.—San Antonio 2024, no pet.) ("Because [plaintiff] had pre-existing medical conditions that could have caused or contributed to his symptoms, his burden was to prove that his injuries were caused by the accident, not his pre-existing medical conditions"); *Polk*, 2022 WL 5568093, at *3 (noting that the burden to provide expert evidence on the element of causation lies with the plaintiff). Consequently, with respect to the injuries to her arm and shoulder, Harris's failure to designate an expert amounts to a failure to raise a genuine dispute of material fact on the element of causation.

Furthermore, Harris's contention that AmeriGas failed to produce any evidence that the injuries to her arm and shoulder were not caused by AmeriGas's alleged negligence is plainly erroneous. AmeriGas attached the expert report of Dr. Larry Likover ("Dr. Likover") as Exhibit E to Defendant's Motion for Summary Judgment. In her Response, Harris challenges the court's consideration of Dr. Likover's report. Specifically, Harris states that "Dr. Linkover, has never examined Ms. Harris and forms his opinion based solely on Plaintiff's medical history and medical records sent to him by Defendant." Nevertheless, many courts have held that an expert witness need not personally examine a plaintiff and that an examination of the pertinent medical records is perfectly acceptable. *Mendoza v. Lafarge N. Am., Inc.*, No. 15-1257, 2016 WL 153952, at *3 (E.D. La. Jan. 13, 2016) (citing *Carroll v. Morgan*, 17 F.3d 787, 790 (5th Cir. 1994)); *see Lacara v. Kohl's Inc.*, No. 21-2321, 2023 WL 5508082, at *2 (E.D. La. Aug. 25, 2023). Therefore, the fact that Dr. Likover did not personally examine the plaintiff does not serve as a basis for disregarding his expert report.

In the report, Dr. Likover opines that the injury to Harris's left shoulder was pre-existing. Essentially, Dr. Likover explains that an MRI of Harris's shoulder shows signs of atrophy. The type of atrophy present in the MRI takes over a year to develop. Because the MRI was taken only a month after the alleged incident, the inception of the injury that produced the atrophy occurred well before the incident. The presence of atrophy and the speed at which it develops extends well beyond the common understanding of a lay person. *See High*, 2022 WL 20829799, at *8; *Vessels*, 2021 WL 4712696, at *3. Accordingly, Harris cannot establish that AmeriGas caused the injury to her left shoulder absent expert testimony. *See High*, 2022 WL 20829799, at *8; *Vessels*, 2021 WL 4712696, at *3.

Dr. Likover's report also notes that there is no evidence that the injury to Harris's arm was caused by Harris's encounter with the AmeriGas truck. Harris underwent ulnar nerve surgery on March 14, 2023, approximately a year and a half after the alleged incident. The need for the surgery was revealed by a test conducted on February 10, 2023. Dr. Likover explains that an individual can develop ulnar neuropathy, the condition necessitating the surgery, in a matter of weeks. Additionally, ulnar neuropathy is a common orthopedic condition that often arises in individuals without any history of trauma. Dr. Likover notes that Harris did not complain of an injury or pain in her elbow, where the ulnar nerve is located, at the time of her urgent care visit immediately following the incident at issue. In the report, Dr. Likover concludes that he does not believe that the ulnar neuropathy is in any way related to the incident. The court does not venture to evaluate the weight or validity of the provided report. The report, nevertheless, is determinative at this juncture, as Harris failed to provide any evidence to challenge Dr. Likover's position.

17

Because of the complex relationship between Harris's pre-existing injuries and the alleged harm caused by the incident, expert testimony is required to establish the element of causation. In the absence of expert testimony, Harris cannot establish that her injuries were caused by AmeriGas's alleged negligence. Harris failed to designate an expert to testify on the issue of causation in a timely manner, and, due to her failure to demonstrate excusable neglect, her request that she be granted leave to designate an expert out of time was rejected. Consequently, Harris has failed to raise a genuine dispute of material fact on the element of causation, thereby entitling AmeriGas to summary judgment.

III.    Conclusion

For the foregoing reasons, Harris's First Motion for Leave to File Expert Designations (#14) is DENIED and AmeriGas's Motion for Summary Judgment (#13) is GRANTED.

SIGNED at Beaumont, Texas, this 15th day of January, 2025.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE